IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TONY ALLEN COOLEY,

    **Plaintiff,**

    v.                                                                                             CASE NO. 24-3240-JWl

RAZMI TAHIRKHELI, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

    Plaintiff Tony Allen Cooley, who is currently in custody at the Douglas County Jail (DCJ) in Lawrence, Kansas, filed this § 1983 action (Doc. 1) alleging that the pending state criminal charges against him should have been dismissed and that the DCJ does not provide sufficient vegan food for Plaintiff to take his medication. *Id.* at 3. Plaintiff also has filed a motion to proceed in forma pauperis. (Doc. 2.)

    Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Thus, he may proceed in forma pauperis only if he establishes a threat of imminent danger of serious physical injury. *Id*.

    As Plaintiff is aware, "'[t]o meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make "specific, credible allegations of imminent

---

[1] Prior to filing the instant complaint, the Court finds three prior civil actions filed by Plaintiff which qualify as "strikes" under § 1915(g). *See Cooley v. McGovern, et al.*, Case No. 8-cv-3004-SAC (D. Kan. March 25, 2008) (dismissed for failure to state a claim); *Cooley v. McGovern, et al.*, Case No. 09-cv-3098-SAC (D. Kan. June 26, 2009) (same); *Cooley v. Diamond Medical, et al.*, Case No. 22-cv-3145-SAC (D. Kan. August 11, 2022) (same).

1

danger of serious physical harm.""" *See Cooley v. City of Lawrence, Kan.*, 2024 WL 4606110, *1 (D. Kan. Oct. 29, 2024) (unpublished) (citations omitted). This Court has already held in another case recently filed by Plaintiff that allegations of "inadequate [and] hard to get (vegan)" food at the DCJ were not sufficient to show imminent danger of serious physical injury. *See id.* at *1-2; *see also* complaint filed in Case No. 24-3191-JWL, at Doc. 1.

The Court has examined the complaint and attachments filed in this matter and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g), Plaintiff may not proceed in forma pauperis. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. If the full filing fee is not paid within the prescribed time, the complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **denied.** Plaintiff is granted until **January 31, 2025**, to submit the $405.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated on this 31st day of December, 2024, in Kansas City, Kansas.**

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.